Andrews *v.* Hobgood.

J. A. & W. R. ANDREWS *v.* W. P. HOBGOOD *et als.*

VENDOR'S LIEN. *Notes. Equality of.* Notes given for the purchase money of land, secured by a lien on the land sold, are entitled to equality of satisfaction, without reference to the time of their maturity or assignment, and this rule is not affected by the provisions of the Code, secs. 3563, 3566.

FROM TROUSDALE.

Appeal from the Chancery Court at Hartsville. H. H. LURTON, Ch.

G. E. SEAY for complainants.

J. J. TURNER for defendants.

Andrews v. Hobgood.

Cooper, J., delivered the opinion of the court.

Bill to enforce a vendor's lien on land retained on the face of the deed, by an assignee of one of the notes, and the question submitted is as to the order in which the purchase notes, thus secured, are entitled to be paid out of the proceeds of sale.

In substance, omitting unessential details, the record shows a sale of land, on the 1st of January, 1875, by B. W. Mills to W. P. Hobgood, and a conveyance of the land, retaining a lien to secure the payment of the notes given for the purchase money. One of these notes was transferred on the day of sale to complainant James A. Andrews, being a note for $2,500 at one year, and the fact of the assignment is mentioned in the deed. The defendants Wilson and Mills hold other unpaid notes at two and three years, transferred long afterwards, and in one of which the vendor has also a part interest. The bill was filed in May, 1877, and claims priority of satisfaction out of the proceeds of sale in favor of the note held by the complainants, being the first assigned, and the first falling due in point of time of the notes unpaid.

There is a conflict of judicial opinion upon the question of the relative rights of the assignor and assignees of notes secured by lien or mortgage, and maturing at different times. In Virginia and Alabama the assignee of one of such notes is entitled to priority of satisfaction over the assignor then holding the other notes, and consequently over subsequent assignees of the latter notes. In Vermont, Ohio, In-

Andrews v. Hobgood.

diana and Wisconsin the right to priority depends on the time at which the notes mature. While in Maine, New Hampshire, New Jersey, Pennsylvania, Michigan, and Mississippi, the notes all stand upon an equality, without reference to the date of their maturity or assignment. The authorities are collected in 2 W. & T. Lead. Cas. in Eq., p. 2009 (4th Am. ed.). In this State the rule of equity, which is sustained by the weight of authority, was adopted in 1838, and has been invariably followed ever since, and recently, as I learn from my brother Judges, in unreported cases. *Graham* v. *McCampbell*, Meigs, 52, note; *Ewing* v. *Arthur*, 1 Hum., 537; *Smith* v. *Cunningham*, 2 Tenn. Ch., 569. It is in strict accordance with the fundamental maxim that equality is equity, in the absence of positive contract or positive statute to the contrary.

The provisions of the Code, secs. 3563 to 3566, do not affect the rule, for they only concede a privilege to the vendor, who is the holder of all the notes.

The decree below will be affirmed with costs, but the erroneous recital therein of the death of one of the parties may be corrected.